IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01088–MSK –KMT


GREENWAY NUTRIENTS, INC.,

      Plaintiff,

v.

STEVE BLACKBURN,
STACY BLACKBURN,
DAVID SELAKOVIC,
FULFILLMENT SOLUTIONS SERVICES, LLC,
ECOWIN, LLC,
NEW EPIC MEDIA, LLC
CHRIS KOHLHAGEN,
BEA'S HIVE, LLC,
VEGALAB, LLC,
GRINGO DIABLO HYDRO,
GROWER TRUST, LLC,
SUPREME GROWERS, LLC,
HOOPS ENTERPRISE, LLC
JAMES HALK,
DAVE THOMPSON,
DAVID Y.S. PARK,
KOO KYUNG-BON,

      Defendants

_____

# ORDER
_____

This matter is before the court on the "Sworn Declaration of Charles Wender" [Doc. No.

70] ("Wender Decl.") which was submitted pursuant to this court's award of reasonable costs and

fees associated with preparation and presentation of the Defendants' "Motion for Sanctions and

Protective Order" [Doc. No. 45].   Plaintiff objected to the amount of the fees and costs requested.[1]

[Doc. No. 74].

On July 12, 2013 after a hearing attended by the parties including Plaintiff's principal Gus

Escamilla, Mr. Escamilla's alleged victims, and all counsel, the court ordered, "Defendants are

awarded reasonable costs with respect to the preparation and presentation of the motion, including

attorney's fees" and Mr. Wender's reasonable "travel costs for appearance at [the July 12, 2014]

hearing."[2]   [Courtroom Minutes, Doc. No. 66, at 2-3.]   The court declined to award "attorney's

fees for [Charles Wender's] travel time."   (*Id.*)

### *LEGAL STANDARD*

The defendants have requested a total award of $17,828.75 pursuant to the order.   "The

most useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended . . . multiplied by a reasonable hourly rate" which will result in what is

commonly called the loadstar calculation.   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

"This calculation provides an objective basis on which to make an initial estimate of the value of a

lawyer's services."   *Id.*   "To determine the reasonableness of a fee request, a court must begin by

calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption

---

[1] Although the Plaintiff objected to the amount of compensation claimed by the Defendants pursuant to the court's July 12, 2013 Order, Plaintiff did not file a timely objection to the court's original award of sanctions.

[2] The Tenth Circuit has indicated that items that are normally itemized and billed in addition to an attorney's hourly rate may be included in fee allowances if reasonable in amount and if such costs would normally be billed to a private client.   *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990).

that this lodestar amount reflects a 'reasonable' fee."   *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)

The party seeking an award of fees should submit specific evidence supporting the hours worked and rates claimed.   *Hensley*, 461 U.S. at 433.   The Tenth Circuit has noted that "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."   *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998).   "A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time."   *Id.*; *see also Robinson*, 160 F.3d at 1281 ("a district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks.' ") (quotation omitted).

Once the court has adequate time records before it, it must then ensure that the attorneys requesting fees have exercised reasonable billing judgment under the circumstances of the case. *Id.*   "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended."   *Id; see also Hensley*, 461 U.S. at 434, 437 (counsel are expected to exercise their billing judgment, "mak[ing] a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.")

3

When a court examines the specific tasks listed by an attorney claiming fee reimbursement, the court must first determine if the fees are properly chargeable under the circumstances of the case and then whether the number of hours expended on each task is reasonable.  *Id*.   Among the factors to be considered are: (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers.  *Robinson*, 160 F.3d at 1281.   "In this analysis, [the court should] ask what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." *Id*.

The Tenth Circuit has also opined that "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use."  *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) (reduction in fees appropriate due to inexperience of an attorney which led to over-billing).

## ANALYSIS

### A.      Hourly Billing Rate for Charles Wender

Mr. Wender is an experienced litigator who has been practicing law for nearly forty years. (Wender Decl. at 1.)   He was admitted to practice in New York in 1973 and admitted to the state bar of Florida, the location of his present practice, in 1977.   (*Id.*)   He is currently a solo practitioner who owns his own firm and has been so employed for the last seventeen years.   (*Id.* at

4

2.)   He has maintained the same office location in Boca Raton, Florida for approximately thirty years.   (*Id.*)   He has experience in both criminal and civil matters and has participated in appellate work, all within both state and federal courts.   (*Id.* at 1-2.)   Further, he served as a Traffic Magistrate/Hearing Officer for a ten year period in Palm Beach, Florida.   (*Id.* at 2.)

Mr. Wender has billed his clients in this case at the rate of $395.00 per hour.   Although the hourly rate is slightly high by comparison to attorneys in Colorado, it is not unreasonable for a Florida based attorney with this level of experience.   *See DeGrado v. Jefferson Pilot Financial Ins. Co.*, No. 02-cv-01533-WYD-BNB, 2009 WL 1973501, at *10 (D. Colo. July 6, 2009)(Senior Judge Wiley Y. Daniel allowed fees for an out-of-state attorney of between $250.00 and $400.00 per hour).   In *DeGrado*, Judge Daniel recognized that case law implicitly directs that the reasonableness of fees be determined first on the basis of what an attorney actually bills to paying clients.   *DeGrado,* 2009 WL 1973501, at *11.   Therefore, the court finds that the reasonable hourly rate to be assessed as fees for Charles Wender's professional services shall be $395.00.

### B.       *Hours for Which Compensation is Requested*

Mr. Wender requests an award of fees for 43.25 hours expended for the preparation and presentation of the Motion for Sanctions and for Protective Order.   Mr. Wender submits billing records to support the request, however many of the entries are "blocks" within which many separate tasks are grouped and the time accounted for in large hourly segments.   Therefore, it is difficult for the court to parse the blocks of time for specific reasonableness.   In the first instance, however, the court recognizes that Mr. Wender's time spent on the matter was greatly exacerbated

5

by Gus Escamilla's escalating behavior and the sheer volume of objectionable threatening communications that were being made by Mr. Escamilla to a number of witnesses in the case. That said however, the purported expenditure of 43.25 hours is excessive given the criminal nature of Mr. Escamilla's behavior and that these activities are better dealt with by complaints to local law enforcement authorities.

An examination of the billing entries shows that Mr. Wender spent approximately 19.75 hours preparing the motion, 7.5 hours preparing exhibits, and 3.50 hours reviewing the Plaintiff's response to the original motion.   Further, Mr. Wender spent unspecified amounts of time researching criminal statutes.   The court finds that a total of 8.00 hours spent on preparation of the motion and the reply and another 3.5 hours to gather and prepare exhibits, both for the motion and for the hearing, would be reasonable.   The time spent reviewing criminal statutes in this civil case is not compensable under the court's order and therefore 3.00 hours is deducted.   Additionally, the court reduces the claimed fees by 1.75 hours billed as review of the court file since Mr. Wender has been the attorney of record in the case from the beginning, another .50 hour for the letter to opposing counsel, and 1.25 hours for review Mr. Escamilla's criminal history and its relation to California criminal provisions.   After these adjustments, the total number of reasonable hours of compensation for Mr. Wender's preparation and presentation of the motion is deemed to be 21 hours, for a total fee billing of $ 8,295.00.

### C.      Reasonable Travel Costs

Mr. Wender has requested costs for appearing in court to address Mr. Escamilla's conduct in the amount of $745.00, including air fare of $455.00, two days parking at airport of $30.00, transportation in Denver of $60.00 and two nights of hotel in Denver for $200.00.   The court finds the expenses to be reasonable except for the two nights hotel in Denver for a hearing that lasted one hour.   Therefore, the costs will be reduced by $115.00, representing the extra day at the hotel and the extra day of parking.   The total reasonable travel costs to be awarded to Defendants are $630.00.

It is therefore **ORDERED**

Plaintiff shall pay to the Defendants, though their counsel Charles Wender, the total sum of $8,925.00 in certified funds **within thirty days of the entry of this ORDER** as the sanction originally imposed on July 12, 2013 when the court granted the Defendants' "Motion for Sanctions and Protective Order."   (See Doc. Nos. 45 and 66.)

Dated this 4th day of December, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge