IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01088–MSK –KMT

GREENWAY NUTRIENTS, INC.,

    Plaintiff,

v.

STEVE BLACKBURN,
STACY BLACKBURN,
DAVID SELAKOVIC,
FULFILLMENT SOLUTIONS SERVICES, LLC,
ECOWIN, LLC,
NEW EPIC MEDIA, LLC
CHRIS KOHLHAGEN,
BEA'S HIVE, LLC,
VEGALAB, LLC,
GRINGO DIABLO HYDRO,
GROWER TRUST, LLC,
SUPREME GROWERS, LLC,
HOOPS ENTERPRISE, LLC
JAMES HALK,
DAVE THOMPSON,
DAVID Y.S. PARK,
KOO KYUNG-BON,

Defendants.

**ORDER**

    This matter is before the court on "Defendants' Renewed Motion to Dismiss" ("Mot.").

[Doc. No. 79.] Plaintiff seeks dismissal of the case as a sanction because of three

communications made to purported witnesses ostensibly in violation of this court's Order granting

Defendants' previously filed Motion for Sanctions and Protective Order.   [Motion, Doc. No. 45; Order, Doc. No. 66]   The first communication concerns a text message dated July 12, 2013 at 7:19 p.m. which Gus Escamilla sent to his mother.   (Mot. Exs. [Doc. No. 79-1 at 1-3].)   That text message was apparently forwarded by Mr. Escamilla's mother to the mother's sister.   Allegedly, the sister then telephoned her son, Mr. Escamilla's cousin, David Herrera, and told him about the contents of the text message.[1]   The second objectionable series of communications are two text messages allegedly sent on July 25, 2013 by Plaintiff's Senior Vice President, Marc Kent, to Plaintiff Greenway Nutrients, Inc.'s former attorney, Thomas Ryan.[2]   (Mot. Exs. [Doc. No. 79-1 at 4.]   Finally, the Defendants complain about a lengthy email dated two days later on July 31, 2013, from Marc Kent to Thomas Ryan ("email letter").   (Mot. Exs. [Doc. No. 79-1 at 5-7.]

Plaintiff filed its "Opposition to Defendants' Renewed Motion to Dismiss; Declaration of Zachary Levine" on September 3, 2013.   [Doc. No. 87.]   Defendants did not file a Reply.

### *The Court's July 12, 2013 Order*

The court's order with respect to the threatening and harassing communications Gus Escamilla made to certain potential witnesses specified that Mr. Escamilla, personally, was to cease "communication or contact, direct or indirect, with any of defendant's disclosed witnesses, including Thomas Ryan, Wendy Ryan, their daughter Jessica Campbell, and Jessica Campbell's

---

[1] David Herrera was subsequently listed as a witness in the *Plaintiff's* initial disclosures.   (Mot. at 2.)

[2] Thomas Ryan was one of the victims of Gus Escamilla's threating communications which were the topic of the July 14, 2013 hearing.   The text messages were not retained by Mr. Ryan and the evidence that they were sent and what the text messages said is contained only in Mr. Ryan's July 29, 2013 "sworn statement" which does not appear to contain a jurat or other evidence of administration of an oath.

employer." [Minutes of Hearing July 12, 2013, Doc. No. 66]. At the time the Order was entered, the initial scheduling conference had not been conducted and the parties had not made Fed. R. Civ. P. 26(a)(1) disclosures. The court directed the parties to "exchange initial disclosures with respect to a list of potential witnesses on or before July 16, 2013." (Minutes at 2.)

### *Escamilla July 12, 2013 text message to his mother*

At this time, there is no allegation that Mr. Escamilla's mother or his mother's sister are listed as witnesses on any party's disclosures. Mr. Escamilla, in spite of being sanctioned by the court for his former improper contact with witnesses, did not lose his constitutional right of free speech guaranteed by the First Amendment to the United States Constitution simply because of his status as Plaintiff in a lawsuit. It is only when his communications during the course of this litigation cross the line into harassment, threats, intimidation or other criminally sanctionable conduct, or when his communications interfere with the ability of the judicial system to carry out its duties, that Mr. Escamilla's speech must be curtailed. The allegation that a text message sent by Mr. Escamilla to his mother expressing his opinions and complaining about other family members violates the intent of the court order is patently frivolous.

### *July 25, 2013 text messages from Marc Kent to Thomas Ryan and the July 31, 2013 email letter*

The text messages allegedly sent by Mr. Kent to Mr. Ryan were received thirteen days after the hearing in this court concerning sanctions against Gus Escamilla for improper contact he had with Thomas Ryan and Mr. Ryan's family. The hearing was extremely contentious and Mr. Ryan appeared in Denver with his family members in order to personally address the court. For Mr. Ryan to now claim, less than two weeks after the hearing, that he "did not save the original threats

because I did not realize it would escalate into this massive campaign" does impress the court. However, based on the opening paragraph of the long email letter written by Mr. Kent to Mr. Ryan several days later, it is clear that Mr. Kent did send one or more text messages to Mr. Ryan, the contents of which he anticipates clarifying in the lengthy email letter.

In the email letter, Mr. Kent forcefully states his position that Mr. Ryan is bound by the attorney-client privilege established when Mr. Ryan was actively legally representing Greenway Nutrients, Inc.  In particular, Mr. Kent states that Mr. Ryan represented "Greenway in a contract dispute with Steve Blackburn" and then became "a client of the opposing attorney who is representing Steve Blackburn in the same contract dispute."   (Mot. Exs, [Doc. No. 79-1 at 6].) Mr. Kent does not parse words in demanding that Mr. Ryan respect Greenway Nutrient's attorney-client privilege and that to fail to do so would be, in Mr. Kent's opinion, a breach of his professional and ethical responsibilities.   There is nothing threatening in the email letter, although Mr. Kent does express his negative opinion of Mr. Ryan's legal abilities based on their previous interactions and suggests that Mr. Ryan could lose his license to practice law as a result of this conflict.

This court will not opine on the verity of Mr. Kent's legal analysis of the law of privilege, however the email is not threatening or harassing and appears to merely inform Mr. Ryan of the slippery slope upon which Mr. Kent believes Mr. Ryan is treading.   In fact, the last paragraph of the email letter actually appears to seek counsel from the court on the propriety of Mr. Ryan's position.   The court, however,   declines to jump into this morass other than to find that neither the email letter nor the purported contents of the text messages violate either the spirit or the intent

of the court's July 12, 2013 order.   This court will not impose sanctions of any kind nor will it issue a recommendation of dismissal based upon the current allegations.

It is therefore **ORDERED**

"Defendants' Renewed Motion to Dismiss" [Doc. No. 79] is **DENIED**.

Dated this 5th day of December, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge