IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–01088–MSK –KMT

GREENWAY NUTRIENTS, INC.,

    Plaintiff,

v.

STEVE BLACKBURN,
STACY BLACKBURN,
DAVID SELAKOVIC,
FULFILLMENT SOLUTIONS SERVICES, LLC,
ECOWIN, LLC,
NEW EPIC MEDIA, LLC
CHRIS KOHLHAGEN,
BEA'S HIVE, LLC,
VEGALAB, LLC,
GRINGO DIABLO HYDRO,
GROWER TRUST, LLC,
SUPREME GROWERS, LLC,
HOOPS ENTERPRISE, LLC
JAMES HALK,
DAVE THOMPSON,
DAVID Y.S. PARK,
KOO KYUNG-BON,

    Defendants.

---

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Plaintiff's Response (Doc. No. 96) to the Order to

Show Cause (Doc. No. 92) entered on January 7, 2014 regarding Plaintiff's failure to serve

1

Defendants Ecowin, LLC; New Epic Media, LLC; Chris Kohlhagen; Bea's Hive, LLC; Gringo Diablo Hydro; Hoops Enterprise, LLC; James Halk; David Y.S Park; and Koo Kyung-Bon (the "Unserved Defendants")

Pursuant to Federal Rule of Civil Procedure 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff's Complaint was filed on April 23, 2013.  (Doc. No. 2.)  Pursuant to Rule 4(m), Plaintiff was required to serve the Unserved Defendants no later than August 21, 2013.  There is no indication that service on the Unserved Defendants has been completed.  As such, on January 7, 2014, the court ordered Plaintiff to show cause in writing, on or before January 21, 2014, why its claims against the Unserved Defendants should not be dismissed without prejudice pursuant to Rule 4(m) for lack of service.

Plaintiff's response was timely filed on January 21, 2014.  (*See* Resp.)  Therein, Plaintiff asserts that cash flow issues prevented it from effecting timely service and that it has requested new Summonses for Defendants Ecowin, LLC and New Epic Media, LLC.[1]  (*See also* Doc. No. 95 (signed Summonses for Ecowin and New Epic Media filed by the Clerk of Court).)  Although

---

[1] Plaintiff also asserts that service has been completed for Defendant Supreme Growers, LLC. The Order to Show Cause, however, did not relate to Supreme Growers as Supreme Growers was served on June 26, 2013—well before the Order to Show Cause was entered.  (*See* Doc. No. 67.)

2

it is not overwhelmed by Plaintiff's explanation, the court finds it is sufficient to show good cause for an extension of time to serve Ecowin and New Epic Media.

However, Plaintiff's Response does not include any information regarding its efforts to serve the remaining Unserved Defendants. (*See id.*) As such, the court finds that Plaintiff has failed to show good cause for its failure to serve Defendants Chris Kohlhagen; Bea's Hive, LLC; Gringo Diablo Hydro; Hoops Enterprise, LLC; James Halk; David Y.S Park; and Koo Kyung-Bon.[2] Rule 4(m) authorizes the court to dismiss claims against unserved defendants where the plaintiff has not shown good cause for its failure to serve. Accordingly, the court finds that Plaintiff's claims against these remaining Unserved Defendants are properly dismissed.

Wherefore, for the foregoing reasons, I respectfully

RECOMMEND that Plaintiff's claims against Defendants Chris Kohlhagen; Bea's Hive, LLC; Gringo Diablo Hydro; Hoops Enterprise, LLC; James Halk; David Y.S Park; and Koo Kyung-Bon be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

It is further

ORDERED that the Order to Show Cause (Doc. No. 92) is DISCHARGED to the extent it

---

[2] Plaintiff has filed a Motion to Amend the Complaint. (Doc. No. 101, filed Feb. 24, 2014.) With the exception of New Epic Media, Plaintiff's proposed First Amended Complaint does not name any of the Unserved Defendants. (*See* Doc. No. 101-1.) As such, it appears that Plaintiff is abandoning his claims against all of the Unserved Defendants other than New Epic Media. If Plaintiff is permitted to amend its Complaint, the court's order granting an extension of time to serve Ecowin and its recommendation to dismiss Plaintiff's claims against Chris Kohlhagen; Bea's Hive, LLC; Gringo Diablo Hydro; Hoops Enterprise, LLC; James Halk; David Y.S Park; and Koo Kyung-Bon will be moot.

concerns Plaintiff's failure to serve Defendants Ecowin, LLC and New Epic Media, LLC. Pursuant to Fed. R. Civ. P. 4(m), Plaintiff is granted an extension of time through April 17, 2014 to serve Ecowin and New Epic Media.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an

issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 26th day of February, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge