**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-01088-MSK-KMT

**GREENWAY NUTRIENTS, INC.,**

    Plaintiff,

v.

**STEVE BLACKBURN,
STACY BLACKBURN,
DAVID SELAKOVIC,
FULFILLMENT SOLUTIONS SERVICES, LLC,
ECOWIN, LLC,
NEW EPIC MEDIA, LLC,
CHRIS KOHLHAGEN,
BEA'S HIVE, LLC,
VEGALAB, LLC,
GRINGO DIABLO HYDRO,
GROWER TRUST, LLC,
SUPREME GROWERS, LLC,
HOOPS ENTERPRISE, LLC,
JAMES HALK,
DAVE THOMPSON,
DAVID Y.S. PARK, and
KOO KYUNG-BON,**

    Defendants.

**OPINION AND ORDER ADOPTING
RECOMMENDATION AND GRANTING IN PART AND DENYING
IN PART MOTION FOR LEAVE TO AMEND COMPLAINT**

**THIS MATTER** comes before the Court on the Recommendation **(#99)** by the

Magistrate Judge that three Motions to Dismiss **(#27, 68, 97)**, collectively filed by Defendants

Steve Blackburn, Stacy Blackburn, David Selakovic, Fulfillment Solutions Services, LLC,

Vegalab, LLC, Grower Trust, LLC, Dave Thompson, Josh Gill, Supreme Growers, LLC, and

1

Hoops Enterprise, LLC, be granted.[1] Also before the Court is the Plaintiff's Motion for Leave to File First Amended Complaint **(#101)**.

## I. Background

The Complaint **(#2)** contains extensive factual allegations, many of which are rife with the resentment and hostility that frequently attends a business divorce. The Court only briefly summarizes those allegations here.

The Plaintiff Greenway Nutrients, Inc., is a Colorado corporation that sells plant nutrients and organic pesticides. At some unknown point in time, the Plaintiff identified two high effective agricultural products developed by Defendant Ecowin, LLC, a South Korean entity. The Plaintiff then imported and sold the products under the "Greenway Nutrients" trademark as "No Powdery Mildew" and "No Spider Mites."

Thereafter, the Plaintiff entered into business relationships with Defendant Steve Blackburn and Defendant Fulfillment Solutions Services, whereby Fulfillment agreed to process and fill orders for the Plaintiff's products. In conjunction with this arrangement, the Plaintiff and Defendants entered into a nondisclosure agreement. The Plaintiff disclosed confidential information to Blackburn, Fulfillment, and others, about the details of its business, including who its overseas supplier was. The Complaint alleges that the Defendants breached the nondisclosure agreement and schemed to obtain the Plaintiff's trade secrets.

At some point, the Plaintiff was financially incapable of purchasing product from Ecowin. Defendant Steven Blackburn suggested that his "partner," Defendant David Selakovic could purchase product for the Plaintiff using his credit card, subject to reimbursement. Selakovic did so.

---

[1] Claims against Josh Gill have since been dismissed from this action. *See* Docket #73.

In March 2012, the Plaintiff and Defendant Ecowin entered into an "exclusive" contract for the distribution of "No Powdery Mildew." However, in November 2012, Ecowin told the Plaintiff that it had obtained other partners in the United States, and that it did not wish to deal with Plaintiff. The Plaintiff alleges that Steve Blackburn and Selakovic contacted Ecowin and interfered with the Plaintiff's relationship with Ecowin.

When the Plaintiff was "cut off" from purchasing from Ecowin, Steve Blackburn held "all of [the Plaintiff's] supplies as hostage at Fulfillment Solutions." The Complaint alleges that the Defendants have since been selling the Plaintiff's "No Powdery Mildew" and "No Spider Mites" products through shell corporations. It further alleges that Steve Blackburn and Selakovic reverse engineered the Plaintiff's "No Spider Mites" product and is selling the counterfeit product.

In April 2013, when the Plaintiff initiated this action, it asserted the following claims: (1) federal civil violations of Racketeer Influenced and Corrupt Organizations Act (RICO) arising under 18 U.S.C. §§ 1962(c) and (d); (2) breach of contract against Defendants Selakovic, Blackburn, Fulfillment, New Epic, and Ecowin; (3) civil conspiracy against all Defendants; (4) common law fraud against all Defendants; (5) unjust enrichment against all Defendants; (6) trademark infringement, 15 U.S.C. § 1114, against all Defendants; (7) false designation of origin arising under 15 U.S.C. § 1125(a), against all Defendants; (8) common law unfair competition against all Defendants; (9) violations of the Colorado Consumer Protection Act (CCPA), C.R.S. § 6-1-101 *et seq.*, against all Defendants; and (10) violations of the Colorado Unfair Practices Act (CUPA), C.R.S. § 6-2-101 *et seq.*, against all Defendants.

Several Defendants, including Steve Blackburn, Stacy Blackburn, David Selakovic, Fulfillment Solutions Services, LLC, Vegalab, LLC, Grower Trust, LLC, Dave Thompson,

Supreme Growers, LLC, and Hoops Enterprise, LLC, moved to dismiss **(#27, 68, 97)** the claims against them pursuant to Fed. R. Civ. P. 8, 12(b)(1), and 12(b)(6). The Defendants argue that the Complaint as a whole represents a "shotgun" pleading in violation of Fed. R. Civ. P. 8; that the Court lacks personal jurisdiction over the out-of-state Defendants; and that as to each count asserted, the Plaintiff fails to state a claim upon which relief can be granted. The motions were referred to the Magistrate Judge.

The Magistrate Judge addressed each of the Defendants' arguments in a detailed Recommendation. With respect to personal jurisdiction, the Recommendation found that the Complaint fails to state a civil RICO claim and therefore the Plaintiff cannot establish jurisdiction over the out-of-state Defendants based on that claim. The Recommendation further found that the Complaint fails to allege facts sufficient to establish personal jurisdiction over Defendants Stacy Blackburn, Grower Trust, Dave Thompson, Hoops Enterprise, Vegalab, or David Selakovic. As to Defendants Steven Blackburn, Fulfillment Solutions Services, and Supreme Growers, the Recommendation found that the Complaint states sufficient facts to extend personal jurisdiction over these Defendants with its reference to a non-disclosure agreement they entered into with the Plaintiff and/or their presence in Colorado.

With regard to the remainder of the claims, the Recommendation found that (1) the Complaint fails to adequately state a claim of civil conspiracy or fraud; (2) the breach of contract claim is improperly pled under Rules 8(a)(2) and 10(b), and should therefore be dismissed; and (3) as to claims for trademark infringement, false designation under 15 U.S.C . § 1125, unfair competition, and violations of the CCPA and CUPA, the Complaint's style of "shotgun" pleading makes it impossible to tell which facts connect to which claims, and therefore these claims are improperly pled under Rule 8 and should be dismissed. The Recommendation found

that the only claim sufficiently pled is a claim for unjust enrichment against Defendant Blackburn and Fulfillment Solutions Services, but recommended that the Court decline to exercise supplemental jurisdiction over this claim.

The Plaintiff filed a timely Objection **(#99)** to the Recommendation. However, Plaintiff makes no specific objection or argument as to any particular finding or conclusion in the Recommendation. Instead, it states that the "sole basis" of the objection is that the Court should grant it leave to amend the Complaint to cure the defects outlined in the Recommendation. The Plaintiff subsequently filed its Motion for Leave to File a First Amended Complaint **(#101)**. The Plaintiff requests that the Recommendation be "set aside" until the Court rules on its motion to amend.

There being no timely, specific objections by any party, the Court reviews the Recommendation only for clear error. Fed. R. Civ. P. 72, Advisory Committee Note. Having reviewed the Recommendation and seeing no clear error, the Court **ADOPTS** the Recommendation that the Motions to Dismiss found at Docket #s 27, 68, and 97 be **GRANTED**.

Thus, the only issue remaining before the Court is whether or not the Plaintiff's motion for leave to amend the Complaint should be granted. The Plaintiff's proposed Amended Complaint, filed as attachment #1 to the Motion to Amend, asserts claims only against Defendants Steven Blackburn, David Selakovic, Fulfillment Solutions Services, LLC, New Epic Media, LLC,[2] and Supreme Growers, LLC. The claims asserted are: (1) breach of contract, (2) unjust enrichment, (3) trademark infringement under 15 U.S.C. § 1114, and (4) false designation of origin under 15 U.S.C. § 1125(a). With the exception of New Epic Media, the Defendants

---

[2] To date, there is no evidence in the record to show that service has been executed upon Defendant New Epic Media. The Plaintiff has been granted an extension through April 17, 2014 to effectuate service.

named in the proposed Amended Complaint filed a Response **(#105)** to the motion, opposing the Plaintiff's request to amend.

## II. Analysis

Because the Plaintiff filed its motion after the deadline for amending the pleadings, the Court employs a two-step analysis to determine whether leave to amend is warranted.[3]  First, the Court examines whether "good cause" has been shown for modifying the Scheduling Order under Rule 16(b), then the Court must evaluate whether the Plaintiff has satisfied the standard for amendment of pleadings under Rule 15(a).

To demonstrate "good cause" for modifying a scheduling order under Rule 16(b), the movant must show that the scheduling deadlines cannot be met despite a party's diligent efforts. This requires examination of whether the movant *could have* amended its pleadings prior to the deadline. The movant must provide an adequate explanation for any delay in meeting the deadline. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

If the Court determines that the showing under Rule 16(b) has been made, then the Court proceeds to examine whether leave should be granted under Rule 15(a). Under Rule 15(a), the Court should grant leave to amend "freely . . . when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the Court, but "[r]efusing to leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party,

---

[3] The Court employs this two-step analysis notwithstanding the fact that the Tenth Circuit "has not yet decided whether a party seeking to amend its pleadings after the scheduling deadline must show 'good cause' for amendment under Rule 16(b) in addition to the Rule 15(a) requirements." *Strope v. Collins*, 315 Fed.Appx. 57, 61 n.4 (10th Cir. 2009); *see also Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (acknowledging that most circuits have held that when a party amends a pleading after a scheduling order deadline, Rule 16 and its "good cause" standard are implicated); *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (same).

bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

The Plaintiff argues that it had good cause not to amend its pleading earlier due to the Defendants' pending motions to dismiss. The Plaintiff states that it chose to oppose the motions, believing that the Defendants would not prevail. It admits that it started preparing its motion to amend "immediately" upon receiving the Magistrate Judge's Recommendation. The Plaintiff argues that the Defendants would not be prejudiced by the proposed amendment because it does not add any new claims and it merely limits or clarifies the contents of the original complaint. Thus, there will be no need for additional written discovery and fewer depositions will be required. The Plaintiff further states that it believes the proposed amendment corrects or addresses the defects outlined in the Recommendation.

In response, the Defendants argue that no good cause for the delay has been shown. They note that the parties agreed to a September 30, 2013 deadline to amend the pleadings, and that the first Motion to Dismiss **(#27)** for lack of jurisdiction and failure to state a claim was filed on May 21, 2013. Thus, the Plaintiff was on notice of deficiencies in the pleading for over four months prior to the deadline. The Defendants argue that despite such notice, the Plaintiff made the tactical decision to do nothing. They further argue that they will suffer undue prejudice because the Plaintiff allegedly has submitted a forged contract in order to establish its new theory of personal jurisdiction over Defendant Selakovic, and thus, the Defendants will have to spend considerable time and money to prove that the contract is a forgery.[4] Finally, the Defendants argue that amendment would be futile because the proposed Amended Complaint fails to allege

---

[4] The Defendants also assert that if this case continues, they will be "prejudiced" by Greenway's owner, Gustavo Escamillia, who is "using the very continued existence of this case as a platform to vilify and malign Defendants [Selakovic and Blackburn] to the world."

personal jurisdiction over Defendants Selakovic, and because the claims for the breach of contract, trademark infringement, and false designation of origin remain improperly pled under Rules 8(a) and Rule 10(b).

The Court finds that the Plaintiff's explanation for delaying its amendment for nine month is feeble, at best. However, there has been no showing by the Defendants of actual prejudice or substantial disruption. Indeed, the Court observes the parties to be deeply emotionally invested in the controversy, and that such emotion is fueling unnecessary and unproductive contentiousness.

Because there has not been a showing of undue delay or prejudice, the Court turns to whether the proposed amendments are futile in light of the findings in the Recommendation. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason. *Watson ex rel. Watson*, 242 F.3d 1237, 1240-41 (10th Cir. 2001). Having considered the proposed amendments in light of the Recommendation, the Court grants the motion, in part.

   *1. Personal Jurisdiction over Defendant Selakovic*

The Recommendation found that the Complaint failed to allege that Defendant Selakovic had minimum contacts with Colorado.[5] The proposed Amended Complaint alleges that Selakovic is a Serbian national and that "his actions in Colorado, in part, gave rise to these claims, and he has waived his right to contest personal jurisdiction before this Court by way of private agreement." It further alleges that Selakovic executed a non-disclosure agreement with

---

[5] The Recommendation also found that the Complaint sufficiently alleged personal jurisdiction over Defendants Steven Blackburn, Fulfillment Solutions Services, and Supreme Growers. The allegations supporting that finding remain unchanged in the proposed Amended Complaint.

Greenway on June 22, 2012. The contract is attached to the proposed Amended Complaint at Exhibit 3.

A defendant is not necessarily subject to personal jurisdiction in a forum state simply because he enters into a contract with a party that resides in that forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 362, 478 (1985). However, parties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their activities." *Id.* at 473. To determine whether a nonresident defendant has purposefully established minimum contacts with the forum state by contracting with another party, the Court must examine prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual court of dealing. *Id.* at 479. In other words, the contract relied upon to establish minimum contacts must have a "substantial connection" with the forum state. *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1288 (10th Cir. 2007). Without substantial connection, there may be no personal jurisdiction even in cases where the defendant enters the forum state to discuss some details of the contract. *See SGI Air Holdings II LLC v. Novartis Int'l*, 192 F.Supp.2d 1195, 1202 (D.Colo. 2002).

Here, the contract purportedly entered into by the Plaintiff and Defendant Selakovic is a non-disclosure agreement. The agreement contemplates that the Plaintiff will disclose confidential information to Selakovic, and obligates Selakovic to safeguard the information in accordance with the terms of the agreement. There are no terms, however, which would require Selakovic to take any affirmative action in the State of Colorado, other than to potentially return copies of the information to the Plaintiff. The agreement contains a choice of law provision, stating that it shall be governed by the law of the State of Colorado. However, the choice of law

9

provision does not provide for the location of dispute resolution, nor does it purport to bind the parties to the jurisdiction of a particular court. Thus, the execution of the contract alone is insufficient to confer personal jurisdiction over Defendant Selakovic.

Nevertheless, the Court finds that the remaining factual allegations in the proposed Amended Complaint are sufficient to allege that Defendant Selakovic has sufficient minimum contacts with Colorado. *See World-Wide Volkswagon Corp. v. Woodson*, 444U.S. 286, 297 (1980). The inquiry requires a determination of whether Selakovic "purposefully directed" his activities at residents of Colorado and whether the action "arises out of or relates to" Selakovic's own activities within Colorado and creates a "substantial connection" with Colorado. *Burger King Corp.*, 471 U.S. at 471-72.

In addition to entering into the non-disclosure agreement, the proposed Amended Complaint alleges that Selakovic used his credit card to purchase "product," presumably from the Korean supplier for the Plaintiff. The purchase of product for the Plaintiff's benefit is an activity directed at a resident of Colorado. Taken as true, the existence of the nondisclosure agreement created a relationship between the Plaintiff and the Defendants, and in furtherance of the relationship, Mr. Selakovic bought product for the Plaintiff. These allegations suggest the existence of personal jurisdiction over Mr. Selekovik, sufficient to allow the filing of the Amended Complaint.

*2. Breach of Contract Claim*

The Recommendation found that the breach of contract claim pled in the original complaint was improperly pled under Rule 8. Specifically, the Recommendation noted that the Plaintiff had attached three contracts to the Complaint, without differentiation, and then

generally alleged that the Defendants, collectively, "breached their obligations to Greenway" in various ways.

The proposed Amended Complaint continues to assert its breach of contract claim as a single claim and refers to three separate contracts, but the contracts and the allegations of breach are referred to in separate paragraphs. Although pleading separate claims of breach of contract in a single count is not encouraged, the Court finds that the proposed amendments are sufficient to satisfy the pleading requirements of Rule 8 and therefore are not futile.

However, the Court notes that the breach of contract claim asserted at paragraphs 35-37 references a "Non Disclosure and Non Circumvent Agreement" purportedly executed by the Plaintiff and Defendants Blackburn and New Epic Media on April 21, 2011, and attached as Exhibit 1. The attachment does not contain such agreement. Instead, Exhibit 1 is a nondisclosure agreement executed by the Plaintiff and Fulfillment Solutions Services on June 21, 2011. None of the attached exhibits contain a contract entered into by the Plaintiff and New Epic Media. Thus, when re-filing the Amendment Complaint, as directed below, the Plaintiff shall be sure to attach the correct contracts and label them appropriately. Further, with regard to *each* breach of contract claim, the Amended Complaint must specifically reference the appropriate contract by referring to the proper exhibit number for that contract.

### 3. Trademark Infringement and False Designation of Origin

The Recommendation found that the Complaint's style of "shotgun" pleading makes it impossible to tell which facts connect to which claims, and therefore these claims are improperly pled under Rule 8 and should be dismissed. Although the proposed amendments do not offer the degree of clarity one would expect from licensed attorneys, the Court finds that the claims for trademark infringement and false designation of origin are sufficient to satisfy the pleading

11

requirements set forth in Rules 8 and 10.  Thus, the proposed amendments with regard to these claims are not futile.

### III.  Conclusion

For the forgoing reasons, the Court **ADOPTS** the Recommendation **(#99)** that the Motions to Dismiss **(#27, 68, 97)** filed by Defendants Steven Blackburn, Stacy Blackburn, David Selakovic, Fulfillment Solutions Services, LLC, Vegalab, LLC, Grower Trust, LLC, David Thompson, Supreme Growers, LLC, and Hoops Enterprises, LLC, be **GRANTED**.

The Plaintiff's First Motion for Leave to file First Amended Complaint **(#101)** is **GRANTED IN PART AND DENIED IN PART**.  The Plaintiff is granted leave to amend.  However, the Court does not accept the proposed Amended Complaint filed at Docket #101.  Within 14 days, the Plaintiff is directed to re-file its Amended Complaint, clarifying its breach of contract claim as directed by the Court in its analysis.  Failure to comply with this Order will result in dismissal of the Complaint in its entirety.

Dated this 26th day of March, 2014.

**BY THE COURT:**

_____
Marcia S. Krieger
Chief United States District Judge

12