IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–01088–MSK –KMT

GREENWAY NUTRIENTS, INC.,

    Plaintiff,

v.

STEVE BLACKBURN,
DAVID SELAKOVIC,
FULFILLMENT SOLUTIONS SERVICES, LLC,
SUPREME GROWERS, LLC,

    Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court *sua sponte* to consider the status of legal representation of Plaintiff Greenway Nutrients, Inc., its ability to participate in case activities and prosecute this case, and its failure to respond to the court's Order to Show Cause.

    On June 2, 2015, this court granted Plaintiff's counsel's "Motion to Withdraw as Counsel" (Doc. No. 137, filed May 21, 2015). (Courtroom Minutes, Doc. No. 143.) Under D.C.Colo.LAttyR 5, a corporation, such as Plaintiff, may not appear in this court acting *pro se*. *See also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–202 (1993) ("It has been the law for the better part of two centuries, for example, that a

corporation may appear in the federal courts only through licensed counsel.")  Accordingly, in granting the motion, the court ordered Plaintiff to secure new counsel and file an entry of appearance for counsel on or before June 22, 2015.  (*Id.*)  The court also advised Plaintiff if it did not obtain substitute counsel, an order to show cause would be issued.  (*Id.*)  *See also* D.C.Colo.LAttyR 5(b) (providing that when the client of a withdrawing attorney is a corporation and substitute counsel does not enter a prompt appearance, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity).  Plaintiff failed to obtain counsel.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  However, dismissal is a more severe sanction, and generally requires the district court to consider certain criteria.  *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009).  In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice.  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'"  *Ecclesiastes 9:10-11-12, Inc. v.*

*LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

On June 26, 2015, the court ordered Plaintiff to show cause in writing by July 10, 2015, by and through legal counsel whose appearance had been properly entered in this case, why this case should not be dismissed with prejudice as permitted by D.C.COLO.LCivR 41.1 and *Ehrenhaus*. (Doc. No. 144.) Plaintiff failed to respond to the Order to Show Cause, failed to obtain counsel, and has otherwise failed to prosecute this case.

As to the first *Ehrenhaus* factor, Plaintiff's failure to obtain counsel and failure to comply with court orders has adversely impacted Defendants. Defendants have expended considerable time and resources filing motions and other documents to advance this litigation. Plaintiff's apparent abandonment of this action has impeded Defendants from fully and promptly resolving the claims asserted against them in this lawsuit. On the whole, the court finds that Defendants have been significantly prejudice by Plaintiff's failure to prosecute this action with due diligence.

With respect to the second *Ehrenhaus* factor, Plaintiff's failure to promptly obtain substitute counsel required the court to review several filings documenting Plaintiff's delinquency and issue an order to show cause. Plaintiff has thus increased the workload of the court and interfered with the administration of justice. Plaintiff's noncompliance with the court's orders flouts the court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

Turning to the third *Ehrenhaus* factor, the court find that Plaintiff is undoubtedly culpable for its failure to comply with the court's order to obtain substitute counsel. As the Motion to Withdraw indicates, Plaintiff was aware as early as April 21, 2015 that its counsel had a conflict and could no longer continuing representing Plaintiff in this matter. (Mot. Withdraw, Ex. A.)

Three months have passed since that time and, despite the entry of the Order to Show Cause, Plaintiff has still not made any effort to obtain substitute counsel.

As to the fourth *Ehrenhaus* factor, the Order to Show Cause specifically advised Plaintiff that failure to respond to that order would result in a recommendation that this case be dismissed with prejudice in its entirety.

Finally, as to the fifth *Ehrenhaus* factor regarding the efficacy of lesser sanctions, the court recommends dismissal with prejudice.   Plaintiff has failed to prosecute this case with due diligence by failing to comply with court orders instructing it to obtain substitute counsel and failing to respond to the court's Order to Show Cause.   Under these circumstances, the court finds that any sanction other than dismissal with prejudice would not be effective to remedy Plaintiff's transgressions.

Having considered the totality of the relevant circumstances, the court concludes that the *Ehrenhaus* factors outweigh the usual predisposition to resolve cases on the merits and weigh heavily in favor of dismissal with prejudice.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that this case be dismissed in its entirety, with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).   A general objection that

does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).   Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");   *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge