IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-01088-MSK-KMT

**GREENWAY NUTRIENTS, INC.,**

 Plaintiff,

v.

**STEVE BLACKBURN,**
**DAVID SELAKOVIC,**
**FULFILLMENT SOLUTIONS SERVICES, LLC,**

 Defendantss.

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION AND AWARD OF ATTORNEY FEES

**THIS MATTER** comes before the Court on the Defendants' Motion for Reconsideration of Final Judgment and an Award of Attorney Fees **(#149)**. No response has been filed.

On August 14, 2015, the Court adopted **(#147)** the Report and Recommendation **(#146)** of the Magistrate Judge, who recommended that the Plaintiff's claims be dismissed for failure to comply with a court order to obtain substitute counsel. After careful consideration of the Recommendation, the Court declined to dismiss the case with prejudice. Defendants now seek reconsideration under Fed. R. Civ. P. 59(e) of the dismissal of without prejudice and request that the Court amend the judgment to be dismissal with prejudice. A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court declines to amend the judgment. The Defendants have not presented any new argument, evidence, or legal authority to support their request for amendment. Indeed, they concede that they "have little to add to the Magistrate's reasoning and application of the law."

Turning to the Recommendation, the Magistrate Judge recommended dismissal with prejudice based on application of the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.3d 916 (10th Cir. 1992). However, the Recommendation contains no specific findings directed to the issue of why a dismissal with prejudice, as compared to a simple dismissal without prejudice, was appropriate.

The material facts giving rise to the dismissal are relatively unremarkable. The Plaintiff is a corporation. Its counsel withdrew and no substitute counsel entered an appearance within the deadline set by the Magistrate Judge. The Plaintiff was advised that it could not proceed without counsel and that dismissal would result if new counsel did not enter an appearance. When the deadline for entry of an appearance passed without the Plaintiff obtaining new representation, the Magistrate Judge then issued an Order to Show Cause why the case should not be dismissed, with prejudice. The Plaintiff failed to respond.

Clearly, D.C.Colo.LAttyR 5 authorized dismissal of this case because the corporate Plaintiff could not proceed in the action without counsel. The question then became whether the dismissal was with or without prejudice. Application of the *Ehrenhouse* factors could justify dismissal with prejudice as a sanction, but implicit in their application is that conduct giving rise to the dismissal requires a separate, punitive sanction. Here, the only conduct justifying dismissal was the Plaintiff's failure to obtain substitute counsel over a period of approximately three months and its failure to respond to the Order to Show Cause.

The Recommendation's discussion of the *Ehrenhouse* factors does not explain why such conduct requires a sanction other than a simple dismissal.  The Recommendation generally describes cost and delay as injury to the Defendants, but it is unclear whether that is over the course of the case or simply the three month period when the Plaintiff had no counsel.[1]  The Recommendation notes that the Court had to review several pleadings, issue several orders, and that the Plaintiff was "culpable" insofar as not obtaining substitute counsel, but these facts are part of the normal course for a dismissal due to the lack of counsel.  The Recommendation contains no specific factual findings that suggest that the Plaintiff purposely attempted to "flout" the Court's order to obtain counsel — such as refusing to seek a new attorney, or refusing to meet with counsel or the like.  Of greatest concern, the Recommendation contains no explanation as to why the Plaintiff's conduct in not obtaining new counsel required an additional sanction in making the dismissal with prejudice, what purpose a sanction was designed to serve, and what alternative sanctions the Magistrate Judge considered.  In the absence of this information, the Recommendation's finding that "any sanction other than dismissal with prejudice would not be effective to remedy Plaintiff's transgressions" is unsupported.  Because the Defendants have failed to come forward with any analysis or evidentiary presentation to supplement the Recommendation, the motion for reconsideration is denied.

In addition, the Defendants seek an award of attorney fees pursuant to the Lanham Act, 15 U.S.C. § 1117(a), and under Colorado law, Colo. Rev. Stat. § 13-17-102.  They have not properly supported their motion as required by the Local Rules.  *See* D.C.COLO.LCivR 54.2.  The Court declines to make a determination as to the entitlement to fees without the evidence

---

[1] There is a reference to "failure to prosecute the case," but there are no specific failures noted.  If the failure to prosecute was the failure to obtain counsel, then it is subsumed in the conduct described above.

necessary to enter a fee award.  The motion for fees is therefore denied.  Should the Defendants desire to make a proper application for fees, they may do so within 14 days of the date of this Order.

Accordingly, the Defendants' Motion **(#149)** is **DENIED**.  The Defendants are granted 14 days leave to refile a properly supported application for fees.

Dated this 27th day of October, 2015.

BY THE COURT:

_____
Marcia S. Krieger
Chief United States District Judge